IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TAMARCO OWENS, | ) | 8:10CV09 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEFFREY NEWTON, and MARK FOXHALL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on January 7, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on January 7, 2010, against Douglas County Jail Director Jeffery Newton ("Newton"), Douglas County Jail Assistant Director Mark Foxhall ("Foxhall") and the "12-29-09 Mod # 20 c/o's."[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined in the Douglas County Correctional Center ("DCC") in Omaha, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on December 29, 2009, a leak in the Mod 20 ceiling created a puddle on the floor. (Filing No. 1 at CM/ECF pp. 2, 4.) The Mod 20 C/Os working that day failed to set up a wet floor sign to alert

---

[1] The court liberally construes "12-29-09 Mod #20 c/o's" to mean the Mod 20 C/Os that were working on December 29, 2009.

-1-

Plaintiff about the puddle. (*Id*.) Plaintiff slipped, fell, and injured his neck and lower back. (Filing No. 1 at CM/ECF pp. 2, 5.) Plaintiff was placed on a stretcher, given a neck brace and taken to "medical" for observation. (*Id*.) While he was in "medical" Newton and Foxhall ordered security staff "to strip out" his cell. (*Id*. at CM/ECF p. 3.) Two days later, Plaintiff returned to his cell to find that his "cosmetics, writing materials and clothing" had been removed. (*Id*. at CM/ECF pp. 3-4.)

Since his return, Defendants have denied Plaintiff food, recreation, showers, the ability to call his attorney and assistance to use the restroom. (*Id*. at CM/ECF pp. 3-5.) In addition, Plaintiff has "been forced to use the restroom . . . on hi[m]self because he cannot move or get up without assistance." (*Id*. at CM/ECF p. 5.) Plaintiff seeks monetary compensation in the amount of $2,100,000.00. (*Id*.)

## II. *APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW*

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented

or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Access to Courts Claim

The court liberally construes Plaintiff's Complaint to allege an access to courts claim against Newton and Foxhall. To prove a violation of the right of access to the courts, Plaintiff must establish that Defendants did not provide him with an opportunity to litigate his claim in "a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citation omitted). "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id*. (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff alleges Newton and Foxhall ordered security staff to "strip his cell" after he was taken to "medical" for his injuries. (Filing No. 1 at CM/ECF p. 3.) When Plaintiff returned to his cell he discovered that his "writing materials" had been removed. (*Id*. at CM/ECF pp. 3-4.) In addition, Plaintiff alleges that he was denied the ability to call his attorney. (*Id*. at CM/ECF p. 5.) However, there is no clearly established right for a prisoner to speak to his attorney by phone as much as he wishes and at times of his own choosing. *See, e.g., Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002) (noting prisoner had various means of communicating with his attorney). Further, Plaintiff does not allege that the removal of his writing materials prevented him from litigating his claims. In fact, Plaintiff's filing of this lawsuit

indicates that he has access to writing materials and the courts. (*See* Filing No. 1.) In light of these findings, the court concludes that Plaintiff has failed to allege sufficient facts to state an access to courts claim against Newton and Foxhall. Thus, Plaintiff's access to courts claim must be dismissed.

### B. Plaintiff's Eighth Amendment Claims

The court also liberally construes Plaintiff's Complaint to allege claims pursuant to the Eighth Amendment. "The Supreme Court has interpreted the Eighth Amendment's prohibition against cruel and unusual punishment to include a right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A prisoner asserting a violation of his Eighth Amendment right must show "deliberate indifference"or reckless or callous disregard of a known, excessive risk of serious harm to his health or safety. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Moreover, a viable Eighth Amendment claim consists of an objective component and a subjective component. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). "The subjective component of deliberate indifference requires proof that [a Defendant] actually knew of and recklessly disregarded a substantial risk of serious harm." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006) (citation omitted).

As discussed above, Plaintiff's only specific allegations against Newton and Foxhall are that they ordered security staff to "strip his cell." (Filing No. 1 at CM/ECF p. 3.) This act is unrelated Plaintiff's Eighth Amendment claim and fails to establish that Newton and Foxhall actually knew of Plaintiff's alleged violations. Stated another way, Plaintiff has not alleged that Newton and Foxhall were personally

involved in, knew of, authorized, or had any direct responsibility for the alleged denial of food, recreation, showers and assistance to use the restroom. Indeed, Plaintiff has failed to show that he filed any grievances regarding these allegations. (*Id*. at CM/ECF pp. 1-7.)

Because Plaintiff has failed to allege that Newton and Foxhall were personally involved in or directly responsible for his alleged violations, his complaint fails to state an Eighth Amendment claim against Newton and Foxhall upon which relief may be granted. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (concluding that a complaint was properly dismissed because plaintiff failed to allege facts supporting any individual defendant's personal involvement or responsibility for violations); *see also Ashcroft*, 129 S. Ct. at 1950 (stating that a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged). Moreover, to the extent that Plaintiff alleges that Newton and Foxhall are liable as prison supervisors, his claim fails because *respondeat superior* is not a basis for liability under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (finding that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability).

To the extent that Plaintiff alleges an Eighth Amendment claim against the Mod 20 C/Os working on December 29, 2009, his Complaint also fails to state a claim upon which relief may be granted. (Filing No. 1 at CM/ECF p. 1 (*see* caption).) When liberally construed, Plaintiff alleges that these Defendants failed to set up a wet floor sign to alert Plaintiff about a puddle. (*Id*. at CM/ECF pp. 2, 4.) However, Plaintiff has not alleged any facts to suggest that the Mod 20 C/Os knew about the puddle or that they acted with deliberate indifference to Plaintiff's safety. Therefore, Plaintiff's Eighth Amendment claims against the Mod 20 C/Os working on December 29, 2009, are also dismissed.

## C. State Law Claims

Although Plaintiff's allegations do not establish an access to courts or Eighth Amendment claim, liberally construed, they might be enough to establish a state law claim for negligence. The court declines to exercise supplemental jurisdiction over such a claim because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. All pending Motions are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of March, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.